STATE OF WISCONSIN : : CIRCUIT COURT : : MILWAUKEE COUNTY

MILWAUKEE POLICE ASSOCIATION,
Local 21, IUPA, AFL-CIO
Itself and on behalf of its Members,
6310 West Bluemound Road,
Milwaukee, WI 53213,

MELISSA RAMSKUGLER
3444 North 99th Street
Milwaukee, WI 53222, and

JUSTIN SOLSVIG
7120 North Presidio Drive,
Apt. F
Milwaukee, WI 53223,
    Plaintiffs,

v.

THE BOARD OF FIRE AND POLICE
COMMISSIONERS for the CITY
OF MILWAUKEE
809 North Broadway, Room 104
Milwaukee, Wisconsin 53202,

EDWARD FLYNN, CHIEF OF POLICE
for the CITY OF MILWAUKEE
749 West State Street
Milwaukee, WI 53233, and

CITY OF MILWAUKEE
200 East Wells Street, Room 800
Milwaukee, WI 53202,
    Defendants.

Case No. 09-CV-12532

Code No. 30955

(Other - Extraordinary Writ)

## AMENDED COMPLAINT

Plaintiffs, by their attorneys, Cermele & Associates, S.C., and Jonathan Cermele,

allege the following as a complaint against defendants:

## NATURE OF THE ACTION

1. This action is brought to secure the plaintiffs' right to be free from a deprivation of property without due process of law, as provided under 42 U.S.C. §1983, and secured by the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, §§1 and 9 of the Wisconsin Constitution.

2. This action is also brought to declare and secure plaintiffs' right under §62.50, Stats., to a due process trial prior to being discharged from employment as a Milwaukee Police Officer.

## PARTIES

3. Petitioner, MILWAUKEE POLICE ASSOCIATION, Local 21, IUPA, AFL-CIO, ("MPA"), is a labor organization within the meaning of §111.70(h), STATS., with offices located at 6310 West Bluemound Road, Milwaukee, Wisconsin, 53213 and which, pursuant to the Wisconsin Municipal Employment Relations Act ("MERA"), §111.70, STATS., *et seq.*, has been recognized by the City of Milwaukee as the exclusive bargaining representative for certain non-supervisory police officers of the Milwaukee Police Department ("MPD"), all of whom are employees of the City of Milwaukee, and is a party to the Collective Bargaining Agreement ("CBA") between the City of Milwaukee and the MPA. Members of the MPA are "members of the Department," "members of the force" and/or "police officers," all as identified under §62.50, Stats. As the exclusive representative

of employees who are specifically interested in the subject matter of this litigation, and as a result of having a duty to represent and advise its members on matters related to that subject matter, the MPA possesses a tangible interest in knowing the law as it may impact its members, as well as ensuring that its members are afforded due process under §62.50, Stats.

4. Petitioner, Police Officer MELISSA RAMSKUGLER ("Officer Ramskugler") is an adult resident of the City of Milwaukee, was certified by the State of Wisconsin, Department of Justice, Law Enforcement Standards Board ("LESB") as a "law enforcement officer," and was employed as a "police officer" and "member of the police force" with the MPD until discharged from her employment on June 11, 2009.

5. Petitioner, Police Officer JUSTIN SOLSVIG ("Officer Solsvig") is an adult resident of the City of Milwaukee, was certified by the State of Wisconsin, Department of Justice, Law Enforcement Standards Board ("LESB") as a "law enforcement officer," and was employed as a "police officer" and "member of the police force" with the MPD until discharged from his employment on November 9, 2009. As Officer Solsvig asserts a right to relief involving a question of law that is common to Officer Ramskugler and the MPA, he is a proper party to this action under §803.04, Stats.

6. Respondent, BOARD OF FIRE AND POLICE COMMISSIONERS FOR THE CITY OF MILWAUKEE ("Board") is a board established pursuant to §62.50, Stats., having jurisdiction over appeals from discipline and discharge imposed by the Chief of Police of the MPD, and an obligation to conduct trials under §62.50, Stats., when a police officer is

3

discharged from employment with the MPD.

7. The Board has, at all times pertinent to this complaint, acted in its official capacity as the statutorily created civilian oversight authority of the MPD, by and through its agents. At all times and in all respects relevant to the allegations contained herein, the Board has acted under color of authority of state law in custom, usage and policy.

8. Respondent, EDWARD FLYNN ("Chief Flynn"), is the Chief of Police of the City of Milwaukee. As chief administrative law enforcement officer of the MPD, Chief Flynn is responsible for, among other things: 1) initiating and administering departmental policies, rules and practices governing MPD police officers (and MPA members), as well as; 2) issuing discipline and discharging MPA members such as Officers Ramskugler and Solsvig, and; 3) complying with the statutory requirements of a Chief of Police identified in §62.50, Stats.

9. Chief Flynn has, at all times pertinent to this complaint, acted in his official capacity as the MPD's Chief of Police, through his employees and agents. At all times and in all respects relevant to the allegations contained herein, he has acted under color of authority of state law in custom, usage and policy.

10. The Respondent, CITY OF MILWAUKEE ("City"), is a political subdivision organized and existing under the laws of the State of Wisconsin, with authority to execute the action requested in this petition. Agents of the City include Chief Flynn and the Board, both of which are employed by, or a formal body of, the City. The City is the legal entity that

4

has ultimate control over its employees and agents, such as Chief Flynn and the Board, with respect to reinstatement and trial under §62.50 Stats., as well as the provision of "pay and benefits" to individuals such as Officer Ramskugler under §62.50(18), Stats., while awaiting a due process hearing on an appeal from discharge.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. Plaintiffs hereby reincorporate and re-allege paragraphs 1-10 of this Complaint, as though fully set forth at length herein, and further allege as follows:

12. On June 11, 2009, Chief Flynn discharged Officer Ramskugler under Personnel Order 2009-93, for allegedly violating MPD Rule 4, Section 2/335.00. ***Exhibit A.***

13. On November 9, 2009, Chief Flynn discharged Officer Solsvig under Personnel Order 2009-191, for allegedly violating MPD Rule 4, Section 2/010.00. ***Exhibit B.***

14. Section 62.50(13), Stats., provides that:

> "*The chief discharging* or suspending for a period of 5 days *any member of the force shall* give written notice of the discharge or suspension to the member and *immediately report the same to the secretary of the board of fire and police commissioners together with a complaint setting forth the reasons for the discharge* . . . ."
> ***§62.50(13), Stats.*** *(emphasis added.)*

15. Upon information and belief, Chief Flynn failed to file a complaint with the Board with regard to either discharge order, as required by means of §62.50(13), Stats.

16. Section 62.50(13), Stats., also provides a discharged member of the police force with the right to appeal that discharge to the Board "within 10 days of the date of

5

service of the notice" from the Chief.

17. Officer Ramskugler was a "member of the police force" at the time Chief Flynn issued Personnel Order 2002-93.

18. Officer Solsvig was also a "member of the police force" at the time Chief Flynn issued Personnel Order 2009-191.

19. Officer Ramskugler timely appealed Chief Flynn's Personnel Order, pursuant to §62.50(13)-(17), Stats. ***Exhibit C.***

20. Officer Solsvig also timely appealed Chief Flynn's Personnel Order, pursuant to §62.50(13)-(17), Stats. ***Exhibit D.***

21. Section 62.50(11), Stats., provides that:

> "*No member of the police force* or fire department *may be discharged* or suspended for a term exceeding 30 days by the chief of either department *except for cause and after trial under this section.*" ***§62.50(11), Stats.*** *(emphasis added.)*

22. The appeals to the Board file by Officers Ramskugler and Solsvig constitutes their demand for trial under §62.50, Stats.

23. Section 62.50(17)(b), Stats., provides that:

> "*No police officer may be* suspended, reduced in rank, suspended and reduced in rank, or *discharged* by the board under sub. (11), (13) or (19), or under par. (a), based upon charges filed by the board, members of the board, an aggrieved person or the chief under sub. (11), (13) or (19), or under par. (a), *unless the board determines*

6

> *whether there is just cause, as described in this paragraph, to sustain the charges.*"
> *§62.50(17)(b), Stats. (emphasis added.)*

24. On June 15, 2009, the Board summarily denied Officer Ramskugler's demand for a trial under §62.50, Stats., and refused to take "any action in response to" Officer Ramskugler's notice of appeal. ***Exhibit E.*** The Board failed in its obligation to conduct the due process hearing required by §§62.50(11) and (17), Stats., by refusing to proceed on Officer Ramskugler's appeal from discharge.

25. On November 11, 2009, the Board summarily denied Officer Solsvig's demand for a trial under §62.50, Stats., and refused to take "any action in response to" Officer Solsvig's notice of appeal. ***Exhibit F.*** The Board failed in its obligation to conduct the due process hearing required by §§62.50(11) and (17), Stats., by refusing to proceed on Officer Solsvig's appeal from discharge.

26. As of Officer Ramskugler's discharge, §62.50(18), Stats., provided that:

> "*No member of the police force may be suspended or discharged* under sub. (11) or (13) *without pay or benefits until the matter that is the subject of the suspension or discharge is disposed of by the Board* or the appeal under sub. (11) passes without an appeal being made." ***§62.50(18), Stats.*** *(emphasis added.)*

27. The right to "pay and benefits" identified in §62.50(18), Stats., has been determined to be a "clear, specific legal right which is free from substantial doubt." ***Sliwinski v. Board of Fire and Police Commissioners****, 2008 WI App. 119, ¶7, 313 Wis.2d 253, 757*

7

*N.W.2d 756.*

28. The City's obligation to provide such "pay and benefits" is "positive and plain." *Id.*

29. As a "member of the police force" who has been discharged, Officer Ramskugler enjoys that "clear, specific legal right." *See Id.*

30. As Officer Ramskugler's employer, the City is obligated to continue providing her "pay and benefits" until such time as the Board "finally disposes" of her appeal from discipline. *Id.*

31. Nevertheless, Officer Ramskugler was removed from the MPD's payroll as a result of the Chief's Order for Discharge and the Board's refusal to act on her demand for a trial under §62.50, Stats.

32. As a result of the legislature amending §62.50(18), Stats., after Officer Ramskugler's discharge, but before Officer Solsvig was discharged, Officer Solsvig does not possess the same right to pay and benefits that Officer Ramskugler enjoys pending a hearing before the Board. The modifications to §62.50(18), Stats., do not, however, effect Officer Solsvig's right to a due process hearing under §§62.50(11) and (17), Stats.

### First Cause of Action
### Certiorari

33. Plaintiffs hereby reincorporate and re-allege paragraphs 1-32 of this Complaint, as though fully set forth at length herein, and further allege as follows:

34. Chief Flynn proceeded on an incorrect theory of law and exceeded his

8

jurisdiction by failing to file a complaint with the Board as required under §62.50(13), Stats., for either Officer Ramskugler or Officer Solsvig.

35. The Board proceeded on an incorrect theory of law and exceeded its jurisdiction by refusing to provide Officers Ramskugler and Solsvig, as "members of the police force," with a trial to determine whether there was "cause" for the discharge, as required under §62.50(11), Stats.

36. In the alternative, if Officer Ramskugler and/or Officer Solsvig are deemed to be "police officers," the Board proceeded on an incorrect theory of law and exceeded its jurisdiction by refusing to provide Officers Ramskugler and Solsvig with a trial to determine whether there was "just cause" for the discharge, as required under §§62.50(11) and (17), Stats.

37. Regardless of whether Officer Ramskugler is considered a "member of the police force" or a "police officer," defendants proceeded on an incorrect theory of law and exceeded their jurisdiction by terminating the "pay and benefits" required to be provided to Officer Ramskugler under §62.50(18), Stats., prior to the trial required by §§62.50(11) and (17), Stats.

**Second Cause of Action**
**42 U.S.C. §1983**
**Fifth and Fourteenth Amendments to the United States Constitution**
**Article I, Sections 1 and 9 of the Wisconsin Constitution**
**"Deprivation of Property Without Due Process of Law"**

38. Plaintiffs hereby reincorporate and re-allege paragraphs 1-37 of this Complaint,

9

as though fully set forth at length herein, and further allege as follows:

39. Chief Flynn acted to deprive Officer Ramskugler of her property right to "pay and benefits" under §62.50(18), Stats., as well as continued employment pending a hearing before the Board, all without due process of law and in violation of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 1 and 9 of the Wisconsin Constitution.

40. Chief Flynn acted to deprive Officer Solsvig of his property right in continued employment until a due process hearing is conducted before the Board, without due process of law and in violation of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 1 and 9 of the Wisconsin Constitution.

41. The Board's acts and omissions deprived Officer Ramskugler of her property right to "pay and benefits" under §62.50(18), Stats., without due process of law and in violation of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 1 and 9 of the Wisconsin Constitution.

42. The Board's acts and omissions deprived Officer Solsvig of his property right in continued employment pending the receipt of a hearing before the Board, without due process of law and in violation of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 1 and 9 of the Wisconsin Constitution.

43. The City's acts and omissions deprived Officer Ramskugler of her property right to "pay and benefits" under §62.50(18), Stats., as well as continued employment

Case 2:09-cv-01192-RTR   Filed 12/30/09   Page 10 of 18   Document 1-4

pending a hearing before the Board, all without due process of law and in violation of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 1 and 9 of the Wisconsin Constitution.

44. The City's acts and omissions deprived Officer Solsvig of his property right in continued employment pending a hearing before the Board, without due process of law and in violation of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 1 and 9 of the Wisconsin Constitution.

WHEREFORE, Plaintiffs pray that the court review defendants' acts and omissions as set forth in the complaint, and declare and adjudge:

A.  The rights and obligations of the parties under §62.50, Stats., including the right to a "trial" when the Chief issues an order of discharge;

B.  That, as "members of the police force," Officers Ramskugler and Solsvig were entitled to a hearing before the Board under §62.50(11), Stats., to determine whether there was "cause" for their discharge;

C.  That, in the alternative to subd. B above, as "police officers," Officers Ramskugler and Solsvig were entitled to a hearing before the Board under §62.50(17), Stats., to determine whether there was "just cause" for their discharge;

D.  That defendants deprived Officer Ramskugler her right to "pay and benefits" guaranteed under §62.50(18), Stats., without due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, §§1 and 9, of the Wisconsin Constitution;

E.  That defendants deprived Officers Ramskugler and Solsvig of their property rights in continued employment, as guaranteed under §62.50, Stats., without due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, §§1 and 9, of the Wisconsin Constitution;

F. That the Board's refusal to provide Officer Ramskugler with a trial prior to depriving her of the right to "pay and benefits" guaranteed under §62.50(18), Stats., was arbitrary, oppressive or unreasonable, representing the Board's will and not its judgment, and;

G. For such other relief as the court deems just and proper.

Dated this 23rd day of December, 2009 in Milwaukee, Wisconsin.

CERMELE & ASSOCIATES, S.C.
Attorneys for Plaintiffs, Milwaukee
Police Association, Melissa Ramskugler
and Justin Solsvig

Jonathan Cermele
State Bar No. 1020228

Mailing Address:
6310 West Bluemound Road
Suite 200
Milwaukee, WI 53213
(414)276-8750
(414)276-8906 Facsimile

12



# City of Milwaukee

Police Department

Edward A. Flynn
Chief of Police

## PERSONNEL ORDER 2009 - 93

June 11, 2009

RE: PERSONNEL ACTION

PROBATIONARY POLICE OFFICER MELISSA C. RAMSKUGLER, (018564), temporarily assigned to the Central Record Division, Nights, is hereby terminated effective immediately, pursuant to Rule 4, Section 2/335.00.

EDWARD A. FLYNN
CHIEF OF POLICE

EAF:mts



EXHIBIT A



**City of Milwaukee**

Police Department

Edward A. Flynn
Chief of Police

PERSONNEL ORDER 2009 – 191

November 9, 2009

RE: DISCIPLINARY ACTION

PROBATIONARY POLICE OFFICER JUSTIN T. SOLSVIG, (019246), Sixth District charged with violation of Department Rules and Procedures as follows:

Rule 4, Section 2/010.00, referencing Standard Operating Procedures relating to Drug Testing, Section 770.00: Confirmed positive test for illegal drug use.

The charge having been substantiated, he is found guilty as charged and the penalty adjudged appropriate by the Chief of Police is as follows:

| | |
|---|---|
| Confirmed positive test for Illegal drug use. | Terminated from Department. |

It is hereby ordered that POLICE OFFICER JUSTING T. SOLSVIG be terminated from the Department, effective immediately.

Served 11/10/09

EDWARD A. FLYNN
CHIEF OF POLICE

EAF:rls
(09-0495)

EXHIBIT B



June 15, 2009

HAND DELIVERED



Mr. Michael Tobin
Executive Director
Board of Fire and Police Commissioners
200 East Wells Street, Room 706
Milwaukee, WI 53202

Dear Mr. Tobin:

Please take notice that I hereby appeal from Personnel Order 2009-93 of the Chief of Police of the Milwaukee Police Department, terminating me from service. Said Order was made on the 11th day of June, 2009 and served on the 12th of June, 2009.

I have retained the Law Firm of Cermele & Associates, S.C., 6310 West Bluemound Road, Suite 200, Milwaukee, Wisconsin, 53213 to represent me, and would request that all further proceedings and communications in this matter be handled through my attorney.

Yours very truly,

Melissa C Ramskugler

PeopleSoft Number 018564



November 11, 2009



HAND DELIVERED

Mr. Michael Tobin
Executive Director
Board of Fire and Police Commissioners
200 East Wells Street, Room 706
Milwaukee, WI 53202

Dear Mr. Tobin:

Please take notice that I hereby appeal from Personnel Order 2009-191 of the Chief of Police of the Milwaukee Police Department, discharging me from service. Said Order was made on the 9th day of November, 2009 and served on the 10th of November, 2009.

I have retained the Law Firm of Cermele & Associates, S.C., 6310 West Bluemound Road, Suite 200, Milwaukee, Wisconsin, 53213 to represent me, and would request that all further proceedings and communications in this matter be handled through my attorney.

Yours very truly,

Justin T. Solsvig

PeopleSoft Number ____019246____





# City of Milwaukee

Fire and Police Commission

Michael G. Tobin
Executive Director

Richard C. Cox
Chair

Carolina M. Stark
Vice-Chair

Ernesto A. Baca
Kathryn A. Hein
Paoi X. Lor
Sarah N. Morgan
Commissioners

June 15, 2009

Via Facsimile and U.S. Mail

Jonathan Cermele, Esq.
Cermele & Associates, S.C.
6310 West Bluemound Road
Suite 200
Milwaukee, WI 53213

      Re:    Melissa C. Ramskugler Personnel Action Appeal
             Personnel Order No. 2009-93

Dear Mr. Cermele:

We have received Melissa Ramskugler's request for an appeal of her termination from employment. Ms. Ramskugler was terminated from probationary employment for non-disciplinary reasons. It is a personnel action that is not appealable to the Fire and Police Commission. We will not be taking any action in response to this request.

Feel free to contact the undersigned should you have any questions.

Sincerely,

Michael G. Tobin
Executive Director

MGT:cj

cc:    Chief Edward A. Flynn
        City Attorney Grant F. Langley
        Melissa C. Ramskugler
        Valarie Williams, MPD Personnel Administrator



EXHIBIT E

200 East Wells Street, Room 706, Milwaukee, Wisconsin 53202 • Phone (414) 286-5000
Fax (414) 286-5050 • E-mail fpc@milwaukee.gov • www.milwaukee.gov/fpc



**City of Milwaukee**

Fire and Police Commission

Michael G. Tobin
Executive Director

Richard C. Cox
Chair
Carolina M. Stark
Vice Chair
Ernesto A. Baca
Kathryn A. Hein
Paoi X. Lor
Sarah W. Morgan
Commissioners

November 11, 2009

Via Facsimile and U.S. Mail

Jonathan Cermele, Esq.
Cermele & Associates, S.C.
6310 West Bluemound Road
Suite 200
Milwaukee, WI 53213

      Re:    Justin T. Solsvig Personnel Action Appeal
             Personnel Order No. 2009-191

Dear Mr. Cermele:

    We have received Justin Solsvig's request for an appeal of his termination from employment. Mr. Solsvig was terminated from probationary employment and has no appealable rights to the Fire and Police Commission. We will not be taking any action in response to this request.

    Feel free to contact the undersigned should you have any questions.

                               Sincerely,

                               Michael G. Tobin
                               Executive Director

MGT:cj

cc:    Chief Edward A. Flynn
        City Attorney Grant F. Langley
        Justin T. Solsvig
        Valarie Williams, MPD Personnel Administrator

**EXHIBIT F**